[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10182
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cv-61269-WPD


JEROME MCDONALD,
WINSOME MCDONALD,

Plaintiffs - Appellants,

versus

SETERUS, INC.,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 2, 2019)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Jerome and Winsome McDonald appeal the district court's dismissal with prejudice of their claim against Seterus, Inc. for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617 (2012).  Although the McDonalds also sued the Federal National Mortgage Association (Fannie Mae) for breach of contract, on appeal they concede that claim is barred.  We hold that because the RESPA claim against Seterus is inextricably intertwined with a prior state-court foreclosure judgment, the district court did not err in dismissing the McDonalds' claims for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[1]

\* \* \*

The parties are familiar with the litigation history of this case; we summarize the facts and proceedings only insofar as they are necessary to explain the context of our decision.

Before it was foreclosed, the McDonalds' mortgage was held by Fannie Mae and serviced by Seterus.  The McDonalds contested the foreclosure action filed in Broward County, Florida, primarily arguing that the parties had executed a loan-modification agreement prior to foreclosure.  The state court rejected the McDonalds' argument and entered judgment for Fannie Mae, and the property was

---

[1] The *Rooker-Feldman* doctrine stems from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005).

sold.  Following the ensuing denials of the McDonalds' motions for reconsideration, the state action became final for *Rooker-Feldman* purposes by March of 2018, months before the McDonalds filed the federal action that underlies this appeal.  *See Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009) (explaining when state-court actions become final under *Rooker-Feldman*).

Even in the wake of the state-court judgment, the McDonalds continued to contest the foreclosure and sale.  They sent three "Notices of Error" to Seterus, disputing both the amount owed and the fact of foreclosure.  When Seterus denied the alleged errors, the McDonalds brought this action asserting that Seterus had violated RESPA's implementing regulations.  *See* 12 C.F.R. § 1024.35 (2019). Under RESPA, a mortgage servicer must investigate and respond to properly submitted Notices of Error, and either correct them or determine that no error exists.  *Id.* at § 1024.35(e).  Servicers are liable for any damages caused by a failure to properly respond to a Notice of Error.  *See* 12 U.S.C. § 2605(f).  In the instant case, among other damages the McDonalds seek the costs of defending the allegedly wrongful state foreclosure action.

We review a district court's application of the *Rooker-Feldman* doctrine de novo.  *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013) (citation omitted).  Under the doctrine, a federal district court lacks jurisdiction to review the final judgment of a state court.  *Id.* at 1072 (citation omitted).  The

3

federal court is barred from adjudicating "a claim [that] was either (1) one actually adjudicated by a state court or (2) one 'inextricably intertwined' with a state court judgment." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018) (citation omitted).  This includes "cases in which a plaintiff seeks damages . . . based on the issues related to the state case" rather than "relief that would directly prevent the enforcement of a state court order." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1333 (11th Cir. 2001).

Courts in our circuit have applied the *Rooker-Feldman* doctrine to dismiss actions for lack of jurisdiction in similar circumstances—*i.e.*, where a plaintiff sought, in effect, to challenge state-court foreclosure judgments. *See, e.g.*, *Zaychick v. Bank of America, N.A.*, 146 F. Supp. 3d 1273, 1276–77 (S.D. Fla. 2015) (cataloguing cases).  In the instant case, the McDonalds challenge the state foreclosure action, in particular by seeking to recoup the costs of defending it.  A federal court could not find for the McDonalds without determining that the state foreclosure—which was memorialized in a state-court judgment—was wrongful. The *Rooker-Feldman* doctrine therefore applies, and the McDonalds' complaint was properly dismissed.

We affirm the district court's dismissal of the McDonalds' complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

**AFFIRMED.**